HANLON, JUDGE:
The claimants are the owners of real estate in Kimberly, Fayette County, West Virginia. Two culverts adjacent to claimants' property are State-maintained culverts. The claimants allege that the culverts were improperly and negligently placed by respondent. In addition, claimants allege that these culverts were not properly maintained by respondent. Claimants property sustained flood damage on two occasions in 1986 and 1987. Claimants seek $12,000.00, which amount represents damages to both real and personal property.
Claimant Lawrence Terrell testified that he purchased the property between the years 1975 and 1976. At that time it was unimproved property. Claimants constructed a house on the property in 1982 or 1983. Railroad tracks are located between 40 to 50 feet from the house at the rear of the property. The tracks are at a higher elevation than that of the foundation of the house. Claimants' house fronts on a State-maintained road. The back of their house is located in the lowest portion of the property.
Mr. Terrell also testified that one of the culverts is 75 to 100 yards from his residence. This culvert is thirty-six inches in diameter but it was blocked and the opinion was reduced to nine inches in diameter. During the weekend of July 4, 1986, there were 18 hours of rain in Kimberly. As the aforementioned culvert was unable to handle the water, the water ran across the road and surrounded claimants' house. This resulted in 15 to 18 inches of water in claimants' home. Furniture and other personal property was damaged. Subsequently, in April of 1987, there was another heavy rain, and flooding again occurred. As a result of the first experience in 1986, claimants acted quickly at the onset of this second storm and did not sustain much damage during the second flooding which occurred. Claimant Lawrence Terrell stated that the property had not experienced any flooding during the first 15 years in which he resided in Kimberly.
*122 He described his house. The lower block was waterproofed and caulked. The waterproofing is at ground level and extends three feet above ground level. There are no down spouts located on the back of the house. The only down spouts are those which are located on the front corners of the house. There are footer drains at the base of the walls of the house.
Robert E. Kelly, a contractor, described the culvert as a circular culvert. Water passes through only the upper one-eighth of the culvert. He observed the property a week prior to this hearing. At that time, there was no evidence that this culvert had been cleaned. He testified that the whole lower level of the Terrell house was ruined. There was extensive damage to the doors, walls, floors and carpet. He estimated that the total repair would cost $11,947.00.
James Absher, county road supervisor for respondent, Fayette County, testified that he did not recall any complaints concerning the area in the vicinity of claimants' property prior to 1986. Neither did he have knowledge of any complaints between January 1, 1986 and July 2, 1986. He stated that the ditch line and the external end of the thirty-six-inch culvert have been cleaned out, but not the inlet end. He confirmed that his records do not show that his employees ever cleaned this culvert.
Bobby Wardrep, maintenance assistant for District 9 for respondent, testified that he was familiar with this area. He stated that the benefit of opening up the exit end of the pipe, but not the inlet end, is that often the force of the water and the hydraulics on a pipe that size and the water coming off the mountain will grab clean the pipe out. He admitted that during heavy rain if the culvert had been cleaned out and 36 inches of it were free, the water would have run off more freely.
After careful review of the evidence presented, the Court is of the opinion that the damage to claimants' property resulted from several factors. The unusual amount of rain at the time of the floodings contributed to the drainage problem. The fact that claimants' house lacks down spouts may have contributed to the amount of water which flooded the property. In addition, the house is located in a low-lying, natural drainage area. However, it is the opinion of the Court that respondent was negligent in its maintenance of the thirty-six-inch culvert. The respondent had not cleaned out the inlet end of the thirty-six-inch culvert. The lack of proper maintenance resulted in a blocked culvert which was the proximate cause of the damage to claimants' home and property. However, this block culvert was not the only factor which caused the flooding and resultant damage; therefore, the Court is disposed to grant an award to claimants in the amount of $9,000.00.
Award of $9,000.00.